Bar Docket No. 12678

In the Matter of JEFFREY LYNN BAXTER, *Respondent.*

(976 P.2d 485)

In a letter dated February 9, 1999, to Carol Green, Clerk of the Appellate Courts, respondent Jeffrey Lynn Baxter, of Leavenworth, an attorney admitted to practice law in the state of Kansas, voluntarily surrendered his license to practice law in Kansas, pursuant to Supreme Court Rule 217 (1998 Kan. Ct. R. Annot. 242).

At the time respondent surrendered his license, there were three docketed complaints against him under investigation and one docketed complaint pending before the Review Committee of the Kansas Board for Discipline of Attorneys. Further, respondent was administratively suspended from practicing law in Kansas pursuant to this court's order of suspension dated November 1998 for his failure to obtain the requisite number of hours of continuing legal education for the compliance period of July 1, 1997, through June 30, 1998.

In addition, respondent was serving a 2-year supervised probation while imposition of discipline was suspended pursuant to this court's decision in *In re Baxter,* 262 Kan. 555, 940 P.2d 37 (1997). Edward Chapman, the supervising attorney, has written to the Disciplinary Administrator's office requesting to be relieved of his duties imposed by the court's decision as respondent no longer practices with the firm and is not being supervised.

This court, having examined the files of the office of the Disciplinary Administrator, finds that the surrender of respondent's license should be accepted and that respondent should be disbarred.

IT IS THEREFORE ORDERED that Jeffrey Lynn Baxter be and he is hereby disbarred from the practice of law in Kansas and his license and privilege to practice law are hereby revoked.

IT IS FURTHER ORDERED that the Clerk of the Appellate Courts strike the name of Jeffrey Lynn Baxter from the roll of attorneys licensed to practice law in Kansas.

It Is Further Ordered that this order shall be published in the Kansas Reports, that the costs herein shall be assessed to respondent, and that respondent forthwith shall comply with Supreme Court Rule 218 (1998 Kan. Ct. R. Annot. 246).

Dated this 25th day of February, 1999.